**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4084**

—————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS DEWAYNE JONES, a/k/a LB, a/k/a Pounds, a/k/a Marcus
Dwayne Jones,

        Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:10-cr-00524-CMC-1)

—————

Submitted:  January 30, 2012        Decided:  February 17, 2012

—————

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Janis Richardson Hall, Greenville, South Carolina, for
Appellant.  Robert Frank Daley, Jr., Assistant United States
Attorney, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus DeWayne Jones pled guilty pursuant to a plea agreement and was sentenced to 324 months in prison for one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and five grams or more of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), 846 (West 1999 & Supp. 2011). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he has reviewed "both the facts and legal issues of this case" and is of the opinion "that there are no legal issues that were not properly raised or disposed of by the trial [c]ourt" and "no grounds for an appeal[.]" Counsel nonetheless suggests that the district court erred in determining the drug weight to attribute to Jones because inadequate proof was offered to support the district court's calculation.

Jones has filed an extensive pro se supplemental brief in which he raises several issues, including alleging that: (1) the Government did not establish a factual basis for his offense; (2) his guilty plea was based on counsel's erroneous advice; and (3) the district court erred in calculating his

2

Guidelines range.[*]  The Government has declined to file a responsive brief.  Finding no error, we affirm.

First, we reject Jones' challenges to the voluntariness of his guilty plea.  Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Jones did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [Jones] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Jones

---

[*] We have considered all of the arguments raised in Jones' pro se supplemental brief and conclude they lack merit.

3

satisfies these requirements, we retain discretion to correct the error, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

A review of the record reveals that the district court complied with Rule 11's requirements, ensuring that Jones' plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. Accordingly, we discern no error in the district court's acceptance of Jones' guilty plea as knowing and voluntary.

We also find no error in Jones' sentence. After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an

4

explanation for any deviation from the Guidelines range." <u>Gall</u>, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse unless the court can conclude "that the error was harmless." <u>United States v. Lynn</u>, 592 F.3d 572, 576 (4th Cir. 2010). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009).

We discern no procedural or substantive sentencing error by the district court. Most notably, a review of Jones' sentencing hearing establishes that the district court correctly attributed him with a total offense level of thirty-eight based on evidence presented at sentencing establishing that Jones should be held accountable for more than 4.5 kilograms of cocaine base. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(1) (2010) (providing a level thirty-eight offense level for offense involving 4.5 kilograms or more of cocaine base). In conjunction with Jones' criminal history category of IV, and after the district court granted Jones' motion for a variant sentence, Jones' Guidelines range was reduced to 324 to 405 months in prison.

5

After affording counsel an adequate opportunity to argue regarding an appropriate sentence under the § 3553(a) factors, and giving Jones an opportunity to allocute, the district court sentenced Jones to 324 months in prison based on several enumerated factors. The district court's explanation for Jones' sentence allows for sufficient appellate review. See Carter, 564 F.3d at 328 ("[T]he district court must state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority") (internal quotation marks omitted). Having failed to rebut the presumption this court affords within-Guidelines sentences, we find that Jones' 324-month sentence is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

6

state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED